# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-134-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roberto Vasquez appeals the 24-month above-guidelines sentence he received after he pleaded guilty to illegal reentry. We look first to whether the district court committed any significant procedural errors, and, if the sentence is procedurally sound, we consider the substantive reasonableness of the sentence in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10122

Vasquez argues that his sentence is procedurally unreasonable because the district court failed to explain adequately why it sentenced him above the guidelines range of imprisonment.  Because Vasquez did not object to the procedural reasonableness of his sentence on this basis, plain error review applies.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  The record reflects that the district court's oral and written pronouncements adequately explained its reasons for its sentence above the guidelines range. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rajwani*, 476 F.3d 243, 251 (5th Cir. 2007).  Vasquez has thus failed to show any error, much less plain error.

Next, Vasquez argues that his sentence is substantively unreasonable because the district court overvalued the significance of his prior removals, undervalued the mitigating significance of the reason why he returned illegally, and overvalued his criminal history.  The district court gave individualized, case-specific reasons for Vasquez's sentence, referencing § 3553(a) and noting Vasquez's criminal history, his recidivism, and the need to protect the public.  Given that Vasquez entered the country illegally multiple times, then committed drug and alcohol offenses and assault, the district court's decision to vary from the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a).  *See United States v. McElwee*, 646 F.3d 328, 337-38 (5th Cir. 2011); *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); § 3553(a)(1) and (2).  Vasquez essentially asks us to reweigh the sentencing factors, which we decline to do. *See McElwee*, 646 F.3d at 343-44.

AFFIRMED.